[No. 21968. Department Two. October 31, 1929.]

MARION DUNSMOOR, *by her Guardian ad litem, E. J. Dunsmoor, Appellant,* v. NORTH COAST TRANSPORTATION COMPANY *et al., Respondents.*[1]

*F. A. Latcham,* for appellant.
*Poe, Falknor, Falknor & Emory,* for respondents.

FULLERTON, J.—The appellant, Marion Dunsmoor, by her guardian *ad litem,* brought this action to recover for personal injuries received in a collision between an automobile in which she was riding and a public stage owned and operated by the respondent North Coast Transportation Company. A trial was entered upon by the court, sitting with a jury. After the appellant had concluded her case in chief, the respondent moved for a nonsuit, which motion the trial court granted, dismissing the action.

The accident causing the injury occurred on a public highway. At the place of the accident, the highway extended east and west, and was straight and comparatively level in each direction for a considerable dis-

[1]Reported in 281 Pac. 995.

tance. The roadway was graded for a width of forty-five feet or more, and was paved on its south side for a width of twenty feet. Traffic in both directions passed over the paved part of the way. At the time of her injury, the appellant was riding in a passenger car driven by her mother. For some two miles or more before the scene of the accident was reached, the car was following another car driven by one Davis. The cars overtook a truck traveling in the same direction. At about the time they overtook it, the truck was stopped rather suddenly on the paved part of the way. Davis succeeded in stopping his car without colliding with the truck. The mother also endeavored to stop, but, finding the brakes on her car out of condition, turned to the left to pass around the Davis car. As she made the turn, she discovered the stage of the respondent approaching on her front. She then turned further to the left for the purpose of leaving the pavement, but did not succeed in getting in the clear, and the right front corner of the stage struck her car on its right side near the forward end of the rear fender.

The trial court sustained the motion for a nonsuit on the ground that there was no evidence of negligence on the part of the driver of the stage. With this conclusion we are constrained to agree. The only evidence that pointed to negligence on the part of the driver were estimates made by the appellant's witnesses as to the speed of the stage. But these were made under conditions that leave them of no probative value. Davis, who was in the better position to judge of the speed of the stage, says that he did not see the stage until after it passed him, just immediately prior to the collision. His view of it, at best, could have been nothing more than a fleeting glance. The driver of the car with which the stage collided was somewhat more emphatic. She says the stage was traveling at a speed

of fifty miles per hour. But, as she further testifies that she did not see the stage until after she turned her car into its path, when it was no more than a hundred feet away, coming head-on towards her, it is plain that she could make no very accurate estimate of its rate of speed. She was herself traveling towards the stage at approximately thirty miles per hour, and, estimating the speed of the stage at the legal limit, the vehicles would come together in less than a second from the time she first saw the stage. Aside from the fact that she was observing the stage from a position in which it was the most difficult to judge accurately of its speed, she must have been alarmed at the situation in which she had placed herself, and must have been giving some attention to the management of her own car. These conditions would put further difficulties in the way of an accurate judgment. Like the trial court, we cannot think her estimate has any better foundation than a mere guess.

It was incumbent upon the appellant, in order to recover against the respondent, to show that its driver was guilty of negligence. This she must show by substantial evidence—a scintilla of evidence will not do—and, in our opinion, the evidence here is not of that substantial character on which a jury is permitted to found a verdict.

The judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.