[No. 25589.   *En Banc.*   March 4, 1936.]

TENA HART, *Appellant*, v. NORTON CLAPP *et al.,*
*Respondents.*[1]

*Robert B. Abel* and *George F. Abel,* for appellant.

*Reuben C. Carlson* and *Chas. D. Hunter, Jr.,* for respondents.

BLAKE, J.—This case arises out of a collision between two automobiles at a street intersection in Tacoma. The plaintiff was a passenger in a car which collided with the car of the defendants.   The defendant Mary Clapp was driving at the time.

The cause was tried to a jury.   The court submitted the case to the jury upon the issues of negligence and contributory negligence.   From judgment entered on a verdict in favor of defendants, plaintiff appeals.

The court gave the following instruction:

[1]Reported in 54 P. (2d) 1012.

"You are instructed that the burden of proof is on the plaintiff to establish, by a fair preponderance of the evidence, every fact necessary for her recovery in this action. Before she can recover, she must satisfy you, by a fair preponderance of the evidence, of two things:

"(1) That the defendant, Mary Clapp, was negligent and that such negligence on her part was the proximate cause of the injuries which the plaintiff, Tena Hart, received;

"(2) That she herself was not guilty of negligence which contributed in any degree to the injuries.

"Unless the plaintiff has established these two propositions by a fair preponderance of the evidence, she cannot recover."

This court has held, in a long line of decisions, that contributory negligence must be set up as an affirmative defense, and that the burden is on the defendant of proving it by a preponderance of the evidence. *Spurrier v. Front St. Cable R. Co.,* 3 Wash. 659, 29 Pac. 346; *Gallagher v. Buckley,* 31 Wash. 380, 72 Pac. 79; *Norman v. Bellingham,* 46 Wash. 205, 89 Pac. 559; *Romano v. Short Line Stage Co.,* 142 Wash. 419, 253 Pac. 657; *Jurisch v. Puget Transportation Co.,* 144 Wash. 409, 258 Pac. 39; *Byrne v. Stanford,* 159 Wash. 271, 292 Pac. 1014; *Geer v. Gellerman,* 165 Wash. 10, 4 P. (2d) 641; *Bredemeyer v. Johnson,* 179 Wash. 225, 36 P. (2d) 1062.

The respondents contend, however, that the error in giving the above instruction was cured by other instructions. In presenting the issues to the jury, the court said:

"The defendants in their answer further set forth as an affirmative defense that the accident and injuries which befell the plaintiff as the result of this accident was caused solely by her own carelessness, negligence and want of due care and caution . . . The burden rests on the defendant to prove the facts alleged

in his affirmative defenses by the same fair preponderance of the evidence. . . .

"The burden of proof is on a party, either plaintiff or defendant, who holds the affirmative of any proposition necessary to be established. . . .

"To constitute the affirmative answer a defense, the burden is upon the defendants to establish by a fair preponderance of the evidence the material affirmative allegations of their answer."

Respondents say that the instructions must be read as a whole. So reading them, they are in direct conflict with respect to the burden of proving contributory negligence. They are irreconcilable, and set up for the guidance of the jury contradictory rules pertinent to a material and vital issue in the case. *Firemen's Fund Ins. Co. v. O-W. R. & N. Co.*, 96 Wash. 113, 164 Pac. 765; *Morehouse v. Everett*, 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482; *Lee v. Gleason Co.*, 146 Wash. 66, 262 Pac. 133.

Furthermore, the correct statements of the law on the issue were given in general terms as applicable to all negligence cases. When it came to applying the law to the particular case, the court in specific terms told the jury that the burden was upon the appellant of proving "that she herself was not guilty of negligence which contributed in any degree to the injuries." It may be that a general statement of law which is incorrect may be cured by a correct statement of law dealing specifically with the issue to be determined. But we know of no instance where this court has held that an incorrect statement of law in presenting the specific issue to be determined may be cured by a correct general statement of the law contained in another part of the instructions.

Judgment reversed.

ALL CONCUR.