[No. 32195.   Department One.   April 27, 1953.]

MAE SMITH, *as Administratrix, Appellant,* v. FRANK
YAMASHITA *et al., Respondents.*[1]

[1]Reported in 256 P. (2d) 281.

*Koenigsberg & Roberts,* for appellant.

*Martin & Shorts* and *Daniel C. Blom,* for respondents.

GRADY, C. J.—This action was brought by the administratrix of the estate of John William Smith to recover damages arising out of an automobile accident which caused his death. The case was tried before a jury. A verdict was rendered in favor of defendants.

The claimed acts of negligence on the part of respondents submitted to the jury were that, at the time of the happening of the accident, the headlights of their automobile were not burning, or, if they were, the driver was not exercising a reasonably careful lookout for persons upon the street. The alleged act of negligence on the part of decedent submitted to the jury was that he violated an ordinance of the city, in that he stepped into a street at a place which was a business district. The verdict being general, we are unable to know whether the jury based its conclusion on failure to prove negligence on the part of respondents or on the contributory negligence of decedent.

The errors assigned by appellant are (1) refusal to give a proposed instruction on the presumption of due care and (2) in the giving of an instruction to the effect that the place where the decedent met his death was a business district, and that pedestrians were forbidden by ordinance to step into that portion of the street open to moving traffic and between the street intersections.

The factual situation supported by evidence is as follows: Jackson street in the city of Seattle extends in an easterly and westerly direction; 21st and 22nd avenues extend northerly and southerly and cross Jackson street. On May 2, 1951, at the hour of about eleven o'clock p. m., respondents were driving their automobile east along the south side of Jackson street and between 21st and 22nd avenues. The night was clear, and there were cluster lights on each side of the street. The decedent was on the sidewalk on the south

side of Jackson street at a point between the intersections opposite his home. He started to cross the street. When he was near the center of the street, he was struck by the left fender of respondents' automobile. The driver of the automobile stated he did not see the decedent until the impact had occurred. The headlights of the automobile were burning. There is no claim made that the automobile was being driven at an improper rate of speed.

In reviewing the action of the trial court regarding its refusal to instruct the jury that there was a presumption the decedent had exercised due care at and just prior to the happening of the accident, and that such presumption could be overcome only by evidence of disinterested witnesses, we must have in mind that the conduct of decedent had no reference to the manner in which he approached the place of crossing the street to determine whether he might cross in safety nor to what he did or failed to do while crossing. His conduct was that he stepped into the street and proceeded to cross it in violation of an ordinance. The words "due care" may apply to the former situation, but we are unable to apply them to the latter.

The decedent was negligent in that he committed an act forbidden by ordinance; hence, we are met with a situation where "the standard of duty is fixed and the measure of duty defined, by law, and is the same under all circumstances." It would seem somewhat anomalous to say that it would be presumed the decedent was exercising due care in doing a *forbidden* act constituting statutory negligence. In such a case, the absence of an eye witness to the accident does not create the necessity for the use of the presumption.

The court denied the motion of respondents for a nonsuit based upon the ground that the record at that stage of the case conclusively showed the decedent to have been contributorily negligent as a matter of law. The same question was raised at the close of all of the evidence. Appellant had the benefit of the presumption of the exercise of due care on the part of the decedent on her theory as presented on this appeal, and to have instructed the jury as requested

would have been confusing rather than being of any assistance.

■ ▬ We find ample evidence in the record to support the conclusion of the jury that the act of decedent in crossing the street in the forbidden area was a proximate cause of his death.

▬ The instruction given by the court with reference to the place where the accident occurred being within a business district, was proper. The evidence was such that reasonable minds could not differ that fifty per cent of the space contiguous to Jackson street was occupied by buildings which were in use for business purposes as prescribed by the ordinance in order that the vicinity could qualify as a business district. Appellant contends that, inasmuch as the buildings other than residences on the north and south sides of Jackson street were closed during the nighttime, they were not "in use for business," and therefore at the time of the accident the area was not a business district. We think to so hold would be to unduly restrict the scope and meaning of the above-quoted phrase, which forms a part of the definition of "business district" set forth in the ordinance.

Our review of the record convinces us that the jury reached the only verdict that could be sustained.

The judgment is affirmed.

MALLERY, HILL, and WEAVER, JJ., concur.

OLSON, J. (concurring in the result)—I feel obliged to concur in the result because we stated, in the recent case of *Hutton v. Martin,* 41 Wn. (2d) 780, 790, 252 P. (2d) 581, that the presumption of the exercise of due care by a deceased person should not be given to the jury in any case.