[No. 33238. Department One. October 6, 1955.]

WILLIAM BELLANTONIO *et al., Respondents,* v. CHARLES WARNER *et al., Appellants.*[1]

[1]Reported in 288 P. (2d) 459.

*Metzler & Ruff,* for appellants.

*Pearson, Anderson & Pearson,* for respondents.

OTT, J.—This action involves an automobile collision which occurred in a nonarterial street intersection in Tacoma. The drivers of the two automobiles will be referred to herein as though they were the only parties to the action. From an order dismissing the cross-complaint at the close of defendant's case and a judgment in favor of the plaintiff, based upon the verdict of a jury, the defendant disfavored driver has appealed.

It was undisputed that the accident occurred at approximately ten o'clock a. m., July 25, 1953; that the streets were dry; that visibility was unobstructed; that the surrounding terrain was level, and that there were no stop signs or traffic lights at the intersection.

The respondent favored driver testified that he had traveled three and one-half blocks from his home; that, approximately one hundred fifty feet from the place of the accident, he had stopped his automobile for some children who were playing in the street; that, upon proceeding, he observed the disfavored driver some three hundred feet from the intersection; that, upon approaching the intersection, he first looked to the right, and, as he looked to the left, he observed the disfavored driver in the favored driver's lane of travel; that he applied the brakes and attempted to stop, and that he was traveling at the authorized rate of twenty-five miles per hour.

A police officer testified that there were skid marks of the favored car for four feet before the point of impact; that there were no skid marks on the roadway from the disfavored car; that the point of impact was in the favored driver's lane of travel; that the disfavored car traveled thirty-four feet after the impact and the favored car approximately seven feet. The front of the favored driver's automobile struck the right side of the other, slightly to the rear of the middle of the disfavored driver's car. Both cars remained upright.

The disfavored driver testified that, as a result of the accident, he suffered a loss of memory and could not relate any facts as to the cause of the collision.

The appellant disfavored driver assigns as error the dis-

missal of his cross-complaint. The cross-complaint alleged excessive speed on the part of the favored driver, and failure to keep his car under proper control and to keep a proper lookout for the disfavored car. The only testimony as to speed was that of the favored driver, who testified that he was traveling at the legal rate. The appellant contends that the admitted physical facts were sufficient to submit the issue of excessive speed to the jury.

In *Adkisson v. Seattle*, 42 Wn. (2d) 676, 691, 258 P. (2d) 461 (1953), this court said:

"Trial courts should be hesitant in submitting to the jury the question of the rate of speed merely from a considera-tion of the physical facts alone. . . . If the trial judge, in the exercise of his discretion, feels that the jury could arrive at a decision (as distinguished from a mere guess or speculation) as to the rate of speed by a consideration of the physical facts, such as the amount of physical damage done, the distance a car travels after the impact, etc., then he should submit such issue to the jury."

We hold that, under the facts of this case, the court did not abuse its discretion in refusing to submit this issue to the jury.

Did the favored driver fail to keep a proper lookout? Here again the only testimony was that of the favored driver, who stated that he first looked for traffic approach-ing from his right. He then looked to his left and observed the disfavored driver's vehicle immediately in front of him. Under the facts, the respondent exercised due care. He had a right to assume that the disfavored driver would yield the right of way until such time as, in the exercise of due care, it became apparent that the disfavored driver would not yield. *Massengale v. Svangren*, 41 Wn. (2d) 758, 760, 252 P. (2d) 317 (1953), and cases cited.

Did the favored driver have his automobile under control? When it becomes apparent to the favored driver that the disfavored driver will not yield the right of way, a reasonable reaction time must be allotted the favored driver. In this interval, the favored driver applied the brakes and skidded his automobile four feet before the impact. Under these circumstances, the trial court did not

err in concluding that the favored driver had his car under proper control.

We hold that the court did not err in dismissing the cross-complaint. None of the alleged acts of negligence was proved.

■ The appellant next contends that the court erred in refusing to dismiss respondent's complaint at the close of respondent's testimony, and again at the time when both parties had rested. There was sufficient evidence, if believed by the jury, to establish negligence on the part of the appellant. The court did not err in denying these motions.

■ The appellant contends that actual or imputed knowledge of the disfavored driver's negligence by the favored driver, precludes recovery by the favored driver, as a matter of law. With this contention, we do not agree. Actual or imputed knowledge of the negligence of the disfavored driver does not preclude recovery. Such knowledge must be coupled with a sufficient time element, after its discovery, to permit the favored driver, in the exercise of due care, to act. Here, the favored driver was approaching the intersection at the lawful speed of twenty-five miles per hour. At such speed, he would travel 36⅔ feet per second. As he approached the intersection, he had a right to assume that the disfavored driver would yield the right of way. His statutory duty (except for pedestrian travel, with which we are not here concerned) was to observe traffic entering the intersection to his right. Observing no such traffic, and having previously seen the disfavored driver three hundred feet from the intersection, he then looked to his left. At the time he looked to his left, he had traveled only a short distance into the intersection. The disfavored driver was immediately in front of his car and in his lane of travel. The favored driver's discovery of the disfavored driver's negligence was only at such an interval of time before the accident as would permit him, in the exercise of reasonable care, to apply the brakes. These facts do not establish discovery of the disfavored driver's negligence by the favored driver a sufficient length of time to preclude his recovery, as a matter of law.

Appellant's next contention is that, where a disfavored driver suffers a loss of memory as a result of trauma, no presumption of negligence may be drawn from the accident alone.

■■ We are in accord with the contention that there is no presumption of negligence from the accident alone. No person is presumed to have been negligent, until the party having the burden of proof establishes that fact by a preponderance of the evidence. *Hutton v. Martin,* 41 Wn. (2d) 780, 790, 252 P. (2d) 581 (1953). Here, the evidence established that the disfavored driver failed to yield the right of way. He was thereby performing a forbidden act. The standard of duty on the part of a disfavored driver is not changed by his having suffered retrograde amnesia.

This court, in *Smith v. Yamashita,* 42 Wn. (2d) 490, 492, 256 P. (2d) 281 (1953), said:

"It would seem somewhat anomalous to say that it would be presumed the decedent was exercising due care in doing a *forbidden* act constituting statutory negligence."

We therefore hold that, under the facts of this case, appellant was not entitled to a presumption that he was exercising due care.

The appellant further assigns as error the court's refusal to give certain of his requested instructions.

■ The court's instructions Nos. 7 and 10 adequately expressed the law on the issues of the duty to maintain a proper lookout, and of excessive speed. Hence, the refusal to give appellant's instructions Nos. 5 and 10 on the same issues was not error. *Rettig v. Coca-Cola Bottling Co.,* 22 Wn. (2d) 572, 580, 156 P. (2d) 914 (1945).

■ Since there was no evidence on the alleged issue of deception, it was not error to refuse to give appellant's requested instruction No. 11 relating thereto. *Symons v. Van Every,* 46 Wn. (2d) 101, 104, 278 P. (2d) 403 (1955).

■ It was not error to refuse to give appellant's requested instruction No. 13, as it does not properly state the law. See *Hutton v. Martin,* supra.

Appellant's requested instruction No. 15 was not applicable, inasmuch as his cross-complaint was dismissed.

556

■ The appellant next assigns as error the court's instruction No. 1, which charged the jury to disregard appellant's cross-complaint. Since no exception was taken to this instruction, it became the law of the case. *Dean v. Harbor Nat. Bank of Aberdeen, ante* p. 218, 222, 287 P. (2d) 295 (1955), and cases cited.

■ Appellant assigns as error the court's instruction No. 8, which charged the jury to disregard the "allegation" of excessive speed. This "allegation" appeared only in appellant's cross-complaint and in the court's statement of the issues as joined by the pleadings and set out in the court's instruction No. 2. It was this "allegation" only which the court instructed the jury to disregard, since the cross-complaint had been withdrawn from its consideration. The court did not instruct the jury to disregard speed as a factor in determining the remaining issue of contributory negligence. In instruction No. 10, the court properly charged the jury with reference to excessive speed, as it applies to contributory negligence. It was not error to give instruction No. 8.

■ Finally, the appellant assigns as error the court's refusal to grant his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

The jury determined the facts and, being properly instructed as to the law, decided the issues adversely to the appellant. The evidence amply sustains the verdict of the jury. The court did not err in refusing to grant the motion.

The judgment is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.