[No. 36101.    Department One.    July 12, 1962.]

THOMAS G. LIESEY, *Respondent*, v. ROGER WHEELER *et al.*,
*Appellants.** 

*Reported in 373 P. (2d) 130.

*William E. Rohrs,* for appellants.

*William R. Boyle* (of *Sawyer, Griffin & Boyle*), for respondent.

WEAVER, J.—Plaintiff, the favored driver, commenced this action for damages for personal injuries he suffered in an automobile collision that occurred at an unmarked, uncontrolled, right-angle street intersection in Tacoma. The trial court directed a verdict for plaintiff and left the amount of damages, if any, for jury determination.

Defendant, the disfavored driver, appeals from a $1010 judgment against him.[1] There is only one question in defendant's thirteen  pages of assignments of error:  Should the court have submitted the question of plaintiff's alleged contributory negligence to the jury?

Plaintiff, the favored driver, proceeding north at a speed of 20 to 25 miles an hour, looked both ways before entering the intersection.  Defendant, the disfavored driver, driving east at a speed of 20 to 25 miles an hour, also looked both ways before entering the intersection.  When they were 10 to 15 feet apart, within the intersection, they saw one another for the first time, just before the collision.

RCW 46.60.150 provides, in part:

"Every operator of a vehicle on approaching pubic highway intersections shall look out for and *give right of way to* vehicles on his right, simultaneously approaching a given point within the intersection, and whether his vehicle first reaches and enters the intersection or not:  . . ." (Italics ours.)

In *Chavers v. Ohad,* 59 Wn. (2d) 646, 369 P. (2d) 831 (1962), we referred to the right-of-way statutes and quoted with approval from *Delsman v. Bertotti,* 200 Wash. 380, 390, 93 P. (2d) 371 (1939):

---

[1]The judgment is against the defendant and his marital community, the Washington Taxi Company, and the National Indemnity Company of Omaha, Nebraska.

" 'The burden to avoid colliding with a car approaching from his right rests heavily upon the disfavored driver. A clear and unambiguous statute imposes this burden, and the ingrafting of exceptions upon this sound and wholesome rule of the road would tend only to confusion and lead drivers occupying the disfavored position under the statute to think that they might somehow escape the burden imposed upon them by law and throw the blame for unavoidable accidents upon another. . . .' "

Defendant does not assert that he was not guilty of negligence as a matter of law. He relies upon the alleged error of the trial court's refusal to submit the question of plaintiff's contributory negligence to the jury.

In *Boyle v. Lewis,* 30 Wn. (2d) 665, 676, 193 P. (2d) 332 (1948), this court announced the following rule:

"Contributory negligence must be set up as an affirmative defense, and the burden of proving it by a preponderance of the evidence is on the defendant. *Hart v. Clapp,* 185 Wash. 362, 363, 54 P. (2d) 1012. There must be substantial evidence of negligence—a scintilla of evidence will not do. *Dunsmoor v. North Coast Transp. Co.,* 154 Wash. 229, 281 Pac. 995."

Nor, we believe, are advocacy, rhetoric, and semantics substitutes for evidence.

Defendant makes three contentions:

First: that plaintiff proceeded at a speed in excess of the maximum for obstructed intersections, as specified by the Tacoma City Code.

RCW 46.48.020 sets the speed limit at intersections at 25 miles an hour within incorporated cities, except that local authorities may reduce the speed limit upon approval of the director of highways

". . . *Provided,* That appropriate signs giving notice thereof are erected at such intersection or upon the approaches thereto; . . ."

The intersection in question is unmarked; hence, a Tacoma ordinance reducing the speed limit to 20 miles an hour at intersections, where the operator's view is obstructed, is not applicable in the instant case.

Second: that plaintiff operated his vehicle in an inattentive manner.

Defendant buttresses this contention by citing plaintiff's statement that he did not see defendant's vehicle until it was 10 to 15 feet in front of him. This, in itself, is insufficient to establish contributory negligence on plaintiff's part. *Winston v. Bacon*, 8 Wn. (2d) 216, 223, 111 P. (2d) 764 (1941). Plaintiff looked in both directions; his statutory duty was to observe traffic entering the intersection to his right. Although the favored driver cannot drive recklessly through an intersection, he can rightly assume that the disfavored driver will yield the right of way established by statute. *Kelsey v. Pollock*, 59 Wn. (2d) 796, 370 P. (2d) 598 (1962).

Our disposition of this contention is governed by the rationale of *Bellantonio v. Warner*, 47 Wn. (2d) 550, 553, 288 P. (2d) 459 (1955), wherein this court said:

"Did the favored driver fail to keep a proper lookout? Here again the only testimony was that of the favored driver, who stated that he first looked for traffic approaching from his right. He then looked to his left and observed the disfavored driver's vehicle *immediately in front of him*. Under the facts, the respondent exercised due care. He had a right to assume that the disfavored driver would yield the right of way until such time as, in the exercise of due care, it became apparent that the disfavored driver would not yield. *Massengale v. Svangren*, 41 Wn. (2d) 758, 760, 252 P. (2d) 317 (1953), and cases cited.

"Did the favored driver have his automobile under control? When it becomes apparent to the favored driver that the disfavored driver will not yield the right of way, a reasonable reaction time must be allotted the favored driver. . . .

" . . .

" . . . Actual or imputed knowledge of the negligence of the disfavored driver does not preclude recovery. Such knowledge must be coupled with a sufficient time element, after its discovery, to permit the favored driver, in the exercise of due care, to act. Here, the favored driver was approaching the intersection at the lawful speed of twenty-five miles per hour. At such speed, he would travel 36⅔ feet per second. . . ." (Italics ours.)

In the instant case, plaintiff had less than half a second in which to act. His failure to avoid the collision was not negligence.

█ Third: that plaintiff testified that when he entered his car, about a block and one half from the scene of the accident, "there was a slight haze along the bottom of the windshield"; that it did not interfere with his visibility; that the car windows were clear; that he turned on the car heater "to clear the windshield of anything that might be on it and also to warm myself."

One of the investigating police officers, who inspected plaintiff's car sometime after the accident, testified that the windows on the driver's side of plaintiff's car and the windshield were fogged.

We find no evidence in the record to show that plaintiff's view through the windows and windshield were obscured at the time of the collision.

We do not believe, nor did the trial court, that these three contentions constitute sufficient probative evidence upon which to base a verdict that plaintiff was guilty of contributory negligence. It was not error, therefore, to withdraw the issue of contributory negligence. See *Dunsmoor v. North Coast Transp. Co.,* 154 Wash. 229, 281 Pac. 995 (1929).

The judgment is affirmed.

HILL, ROSELLINI, and FOSTER, JJ., concur.

FINLEY, C. J. (dissenting)—I cannot agree with what seems to be the position of the majority—that the plaintiff favored driver as a matter of law could not have been guilty of contributory negligence. In *Owens v. Kuro* (1960) (56 Wn. (2d) 564, 573, note 5, 354 P. (2d) 696) 2 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. ed.) 298, 303, § 1028, was quoted as follows:

" 'The assumption [that other cars will observe traffic laws] is not unlimited, but is subject to the same restrictions as are other permissible assumptions as to the observance of the common-law and statutory duties of another driver, so that, in crossing in front of a vehicle coming from an intersecting street, the driver having the right of

way cannot close his eyes to threatening danger, relying on the presumption that the other driver will use reasonable care and prudence and obey the traffic laws. The rule that a motorist has a right to assume that other users of the highway will not drive negligently and will obey stop signs applies only in favor of those whose conduct measures up to the standard of due care. If a driver does not notice a motorist approaching an intersection from the left, he cannot assert that he thought the motorist from the left would give him the right of way.' "

The reasoning of the foregoing quotation convinces me that in the instant case plaintiff's failure to observe the defendant's automobile until immediately before the collision raised a question of contributory negligence which should have been submitted to the jury. Consequently, I dissent.

*Reported in 373 P. (2d) 474.