[No. 37107.   Department Two.   December 10, 1964.]
SIDNEY GOLUB, *Respondent*, v. RICK MANTOPOLI *et al.*,
*Appellants*, JAMES DUGAN *et al.*, *Respondents.**

*Brethorst, Fowler, Bateman, Reed & McClure* and *Hugh A. McClure*, for appellants.

*Rutherford, Kargianis & Shinn*, for respondents.

JOHNSON, J.†—The respondent Golub brought this action as plaintiff in the trial court, and the appellants were the

*Reported in 397 P. (2d) 433.

†Judge Johnson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

defendants and cross-complainants. Dugan and Shoreline Cab Company were additional defendants. Plaintiff Golub failed to offer any proof in support of his complaint and the same, therefore, was dismissed. The case was tried upon the cross-complaint of the defendants Mantopoli and the answer thereto of Golub, Dugan and Shoreline Cab Company. Golub was an employee of Dugan and, at the time of the accident, was in the course of his employment.

For the sake of clarity, the defendants Mantopoli will hereafter be referred to as appellant and the plaintiff Golub, Dugan and the Shoreline Cab Company as respondent.

At the close of all of the evidence, appellant moved for a directed verdict on the issues of primary negligence of the respondent and the contributory negligence of the appellant. The court granted the motion as to respondent's primary negligence, holding the respondent negligent as a matter of law, but denied the motion as to the contributory negligence of appellant and submitted that issue to the jury. The jury returned a verdict for the respondent. The appellant thereafter moved for a new trial, which motion was denied, and judgment was entered dismissing appellant's cross complaint. The appellant appeals.

A careful reading of the record and statement of facts reveals the following material evidence.

Elliott Avenue is a 4-lane, 2-way street running in a northerly and southerly direction. Wall Street is a 4-lane, 2-way street running in an easterly and westerly direction. They cross at a controlled intersection, in that there is a flashing red light and stop sign for those traveling on Wall Street and an amber or caution light on Elliott Avenue.

Wall Street has a fairly steep grade at the intersection and back west for a distance of about one half a block. On the northwest corner there is a 3-story building.

On the morning of September 14th at about 7:20 a.m., appellant was proceeding in a southerly direction, on the inside lane of Elliott Avenue; the outside lane was heavy with traffic going south and, because of some congestion where the outside lane turns into Alaska Way, cars from

time to time were backed up, both to the south and north of the intersection with Wall Street.

Golub drove up to the stop sign at the west intersection of the streets. He waited for traffic on the outside lane and, when it stopped and a small gap was left by two cars on Elliott Avenue, a driver in a car to the north motioned to him to move on. He started out on the inside lane of Wall Street, traveling at a rate of speed of 6 to 8 miles per hour. At no time did he slacken his speed, up to the time of the impact. His view to the north was obstructed by the building and the cars in the outside lane, although he testified he could see back 60 to 70 feet through the windows of the cars. He looked to the left as he started into the intersection, then to his right for traffic going north on Elliott Avenue, and then to his left, when he suddenly saw the appellant's car on the inside lane at the north crosswalk, and, a second later, there was an accident, the appellant's car striking the taxicab at the two doors and rear fender on the left side. Neither car moved after the impact. The front wheel of the Golub taxicab was over the center line.

The appellant, driving south on the inside lane, which was clear of traffic ahead of her, was traveling at 20 to 25 miles per hour. She saw no cars at the intersection and so proceeded through, when suddenly she saw the respondent's car in front of her, applied her brakes, skidded about 4 paces (12 feet) and struck the taxicab. Respondent's only knowledge of appellant's speed was a fleeting glance, stating in his testimony "She was going too fast."

Both drivers were familiar with this intersection.

There was no testimony as to the speed limit on Elliott Avenue and it is presumed, therefore, that the speed limit was 25 miles per hour, as provided by RCW 46.48.020.

Appellant makes four assignments of error, which essentially present two questions. (1) Was there sufficient evidence to submit to the jury the question of contributory negligence? (2) Should the court have directed a verdict in favor of the appellant and submitted the matter to the jury only on the question of damages?

From the evidence as shown by the testimony and related above, we must conclude that this is a case which falls squarely within the fourth or deception rule as laid down in the case of *Martin v. Hadenfeldt*, 157 Wash. 563, 289 Pac. 533, as approved and discussed in the more recent cases of *Pollard v. Rossoe Mfg. Co.*, 56 Wn. (2d) 862, 355 P. (2d) 979; *Chavers v. Ohad*, 59 Wn. (2d) 646, 369 P. (2d) 831; *Mondor v. Rhoades*, 63 Wn. (2d) 159, 385 P. (2d) 722; *Novis v. Tipton*, 63 Wn. (2d) 473, 387 P. (2d) 737.

We have held that Rule 4 of the *Hadenfeldt* case is applicable in controlled intersections, *Chavers v. Ohad. supra*; *Pollard v. Rossoe Mfg. Co.*, *supra*; and in effect have made appropriate interpolation, so the rule would read, when applied to controlled intersections, as follows, p. 567:

"(4) The [disfavored] driver . . . assumes and meets the burden of producing evidence which will carry to the jury the question of fact as to whether or no the favored driver . . . so wrongfully, negligently, or unlawfully operated his car as would deceive a reasonably prudent [disfavored] driver . . . and warrant him in going forward upon the assumption that he had the right to proceed."

Contributory negligence must be set up as an affirmative defense and the burden of proving it by a preponderance of the evidence is on the defendant. *Hart v. Clapp*, 185 Wash. 362, 54 P. (2d) 1012.

This must be shown by substantial evidence—a scintilla of evidence will not do. *Dunsmoor v. North Coast Transp. Co.*, 154 Wash. 229, 281 Pac. 995; *Boyle v. Lewis*, 30 Wn. (2d) 665, 193 P. (2d) 332.

Respondent claims that the appellant was guilty of contributory negligence by reason of her speed, her inattention to the intersection and the fact that she struck the respondent's automobile.

The only evidence of speed was that of the appellant, 15 miles per hour, and her passenger, 20 to 25 miles per hour, and that of the respondent, who had a glance at her car when it was at the north crosswalk,. "She was going too fast." In *Zorich v. Billingsley*, 55 Wn. (2d) 865, 868, 350

P. (2d) 1010, a case in which the disfavored driver saw the favored driver's vehicle for only an instant, " . . . Such opinion can be of little . . . value, and is at most a scintilla of evidence . . . " See *Boyle v. Lewis, supra; Poland v. Seattle,* 200 Wash. 208, 93 P. (2d) 379; *Dunsmoor v. North Coast Transp. Co., supra; Wold v. Jones,* 60 Wn. (2d) 327, 373 P. (2d) 805; *Charlton v. Baker,* 61 Wn. (2d) 369, 378 P. (2d) 432.

The fact that the appellant's car struck the taxicab at the two doors and fender is not in itself a controlling consideration in determining the negligence of the favored driver. *Winston v. Bacon,* 8 Wn. (2d) 216, 111 P. (2d) 764.

Did the favored driver have her car under control? She did not observe the respondent's taxicab until he came out of the "gap" and then she immediately applied her brakes and skidded 12 feet.

She had a right to assume the disfavored driver would yield the right of way. *Kelsey v. Pollock,* 59 Wn. (2d) 796, 370 P. (2d) 598. We have also held that, when it became apparent to the favored driver that the disfavored will not yield the right of way, a reasonable reaction time must be allotted the favored driver to permit the favored driver, in the exercise of due care, to act. *Liesey v. Wheeler,* 60 Wn. (2d) 209, 373 P. (2d) 130.

Was the disfavored driver deceived? He did not see the car of the appellant until a second or two before the accident, and he was at that time in the lane upon which she was traveling. Deception presupposes a situation when the disfavored driver sees the favored vehicle and has the opportunity to make a choice. *Bowen v. Odland,* 200 Wash. 257, 93 P. (2d) 366; *Hauswirth v. Pom-Arleau,* 11 Wn. (2d) 354, 119 P. (2d) 674.

In the case at bar, there was no deception. Here, respondent took a calculated risk.

In a long line of cases, we have held that, under similar circumstances, the disfavored driver had not sustained the burden of proving contributory negligence by substantial evidence. To cite only a few are the following: *Dunsmoor v. North Coast Transp. Co., supra; Poland v. Seattle, supra;*

366

*Zorich v. Billingsley, supra; Liesey v. Wheeler, supra; Charlton v. Baker, supra.*

We, therefore, hold that the court erred in submitting the question of contributory negligence and that the court should have directed a verdict in favor of the appellant.

The judgment is reversed and a new trial granted, limited to the question of damages.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.