[No. 37202. Department One. January 7, 1965.]

JOAN ARCHIBALD, *Respondent,* v. DAVID W. GOSSARD, *as Administrator, Appellant.*\*

*\*Reported in 397 P. (2d) 851.*

*Lee Olwell* and *Edgar E. Neal,* for appellant.
*Daniel Frederick Sullivan,* for respondent.

FOLEY, J.†—This is an action for personal injuries and damages sustained as a result of an automobile collision which occurred in the city of Seattle on August 28, 1960, at an uncontrolled intersection. The jury returned a verdict for the plaintiff, who was the "favored driver." The trial court determined as a matter of law that the negligence of the disfavored driver, Thomas Gilbertson, who died prior to trial from causes unrelated to the collision, was the proximate cause of the injuries and damages sustained by the plaintiff, and the jury was instructed accordingly. The defendant appeals.

The collision occurred in the intersection of 17th Avenue and East Denney Way in Seattle. Respondent was proceeding in a southerly direction on 17th Avenue and Mr. Gilbertson was proceeding in a westerly direction on East Denney Way, at about 10:30 p.m. Both vehicles had the headlights on. There was no evidence of speed on the part of either vehicle. The northeast corner of the intersection was partially obstructed by an apartment house.

The testimony was that, from a point approximately at the northerly crosswalk line on the north side of the intersection, a driver proceeding south on 17th Avenue could see approximately one half a block east on East Denney Way, and that no parking is permitted on the north side of East Denney Way. Respondent testified that she looked to her left as she approached the northerly line of the north crosswalk, but did not see decedent or the headlights, and that she first observed his automobile as her automobile was just coming into the intersection. At that time, decedent's automobile was about to enter the intersection. Respondent was the only eyewitness.

---

†Judge Foley is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Police officers who investigated the accident testified to physical facts they observed, including the position of the two cars after the collision; the point of impact, which occurred in the intersection; the lack of the presence of skid marks in the direction of travel of decedent's vehicle; 8 feet of dense black skid marks left by respondent's vehicle prior to impact, extending through the northerly line of the north crosswalk on 17th Avenue; and that the safety equipment on both vehicles was in working order.

Appellant's answer admitted that a collision occurred at the time and place alleged in the respondent's first amended complaint and that prior thereto the two vehicles were proceeding in the direction alleged. The answer denied the allegations of negligence and, as an affirmative defense, alleged contributory negligence on the part of respondent. The jury returned a verdict in respondent's favor in the sum of $10,000.

Appellant's first three assignments of error relate to the court's action in deciding the question of liability as a matter of law. He contends (1) the court erred in directing a verdict as to liability, (2) the court erred in failing to give appellant's requested instruction No. 2, which reads:

"You are instructed that when a person is deceased and cannot be present and testify in an action brought against him or his estate, the law presumes he exercised the care required of him to avoid the accident and he was not guilty of negligence. This presumption may be overcome by the testimony of disinterested witnesses, but it is not overcome by testimony of interested witnesses, or from inferences that may be drawn from circumstantial facts."

(3) The court erred in failing to give appellant's requested instruction No. 1, which reads:

"You are instructed that the laws and statutes of the State of Washington in effect at the time of the accident herein in question, among other things, provided as follows:

" 'No claim for damages for bodily injuries, property damage, or wrongful death shall abate by the reason of the death of the tort feasor or of any other person liable for damages for such bodily injury, property damage, or wrongful death; provided, however, that the plaintiff shall not recover judgment except upon competent evidence

other than the testimony of said injured person or persons and the testimony of the injured person or persons, by itself, shall not be sufficient to overcome the presumption of due care on the part of the deceased tort feasor.' "

██ As appellant admits that the collision occurred within an uncontrolled intersection and that decedent was the disfavored driver, he would be guilty of negligence as a matter of law, unless he comes within the deception rule of *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

In the recent case of *Mondor v. Rhoades,* 63 Wn. (2d) 159, 167, 385 P. (2d) 722, this court reviewed the right-of-way rules and particularly the deception rule of *Martin v. Hadenfeldt, supra.* The court said:

"We know that the right of way granted to the driver on the right is a strong one and ought not to be lost in the maze of details arising from split-second computation of time and distance. But it is not an absolute. The law, like life itself, has room for few absolutes, and we are fearful of granting one here. Room must be left for the extreme case, the case where the driver on the left is able to demonstrate that the favored driver so wrongfully and negligently operated his car as to create a deception tantamount to an entrapment, a deception of such marked character as to lure a reasonably prudent driver into the illusion that he has a fair margin of safety in proceeding into the intersection and on through it. If the behavior of the car and driver on the right would not deceive the reasonably prudent driver on the left to such an extent as to entrap him, then the disfavored driver has failed to yield the right of way. See *Chavers v. Ohad,* 59 Wn. (2d) 646, 369 P. (2d) 831, and the specially concurring opinion per Rosellini, J., at p. 653."

In the case at bar, there is no evidence from which an inference could be drawn that the respondent so wrongfully and negligently operated her car as to create any deception, let alone a deception tantamount to an entrapment. The decedent was negligent as a matter of law in failing to yield the right of way to respondent.

Appellant contends, however, that the only evidence, other than respondent's testimony, was circumstantial evidence testified to by the police officers respecting the point

of impact and the physical conditions existing, and that this is insufficient to justify the trial court's holding that, as a matter of law, the decedent was negligent.

Appellant relies primarily on two cases, *Mills v. Pacific Cy.*, 48 Wn. (2d) 211, 292 P. (2d) 362, and *Richardson v. Pacific Power & Light Co.*, 11 Wn. (2d) 288, 118 P. (2d) 985. The court, in the *Mills* case, referring to the holding of the court in the *Richardson* case, said, p. 216, that it

" . . . merely stands for the proposition that circumstantial evidence of the actions of a decedent will not justify the trial court in holding that, as a matter of law, the decedent was negligent. We held in that case that, in the absence of 'direct' testimony by disinterested witnesses, that is, evidence by observers of the decedent's acts, both the presumption and the circumstantial evidence should go to the jury.

"To the same effect are *Smith v. Seattle*, 178 Wash. 477, 35 P. (2d) 27 (1934); *Reinhart v. Oregon-Washington R. & Nav. Co.*, 174 Wash. 320, 24 P. (2d) 615 (1933); *Smith v. Seattle*, 172 Wash. 66, 19 P. (2d) 652 (1933); and *Mattingley v. Oregon-Washington R. & Nav. Co.*, 153 Wash. 514, 280 Pac. 46 (1929)."

Both the *Richardson* and the *Mills* cases were concerned with the question of contributory negligence on the part of the decedent. In the *Mills* case, the court, referring to *Hutton v. Martin*, 41 Wn. (2d) 780, 252 P. (2d) 581, said, p. 216:

"The effect of this decision was to abolish the presumption of due care on the part of a decedent where the issue is contributory negligence, leaving the defendant with the burden of proving contributory negligence by a preponderance of the evidence—a burden which we found to be sufficient to protect the rights of the plaintiff. . . ."

In *Frothinger v. Serier*, 57 Wn. (2d) 780, 360 P. (2d) 140, where there were no eyewitnesses to an intersection collision, the administrator of the estate relied on the presumption that the decedent was exercising due care for his own safety and urged that the decedent was deceived into attempting to enter the arterial. The court held the presumption of due care was not applicable, and said, p. 783:

" . . . In *Hutton v. Martin* (1953), 41 Wn. (2d) 780, 790, 252 P. (2d) 581, we said concerning the presumption of due care:

" ' . . . The rule that no person is presumed to have been negligent until the party having the burden of proof establishes that fact by a preponderance of the evidence furnishes adequate protection to a deceased person as well as to a living person.'

"We are here concerned with the claimed presumption of due care as it relates to the claimed primary negligence of a deceased tort-feasor, as distinguished from the contributory negligence of a party for whose death an action is being brought, as was the case in *Hutton v. Martin, supra.* . . ."

The court further said, p. 784:

"Our statement in *Hutton v. Martin, supra,* is equally applicable to any party having the burden of proving negligence (the plaintiff in this case). He must do it by a preponderance of the evidence, and that requirement provides adequate protection to a deceased person as well as to a living person. The protection to a deceased person is enhanced by the statutory requirement that his negligence must be established by 'competent evidence other than the testimony of said injured person or persons.' RCW 4.20.045."

Appellant, in the case at bar, had the benefit of RCW 4.20.045,[1] which was in existence at the time of the accident. There was ample competent evidence in the case, in addition to the testimony of the injured party, to comply with the statute and overcome any presumption of due care on the part of the decedent. In fact, the admissions in the answer that the collision occurred in the intersection and that the decedent was the disfavored driver, together with the physical facts found by the officers who testified to the point of impact in the intersection of the cars and the skid marks laid down by the respondent's automobile, all of which were undisputed, established that the decedent was negligent as a matter of law in failing to yield the right of way to respondent.

---

[1] Repealed, Laws of 1961, chapter 137, § 2, p. 1682.

■ In *Fannin v. Roe*, 62 Wn. (2d) 239, 243, 382 P. (2d) 264, the court reiterated the rule that when

". . . 'physical facts are uncontroverted and speak with a force that overcomes all testimony to the contrary, reasonable minds must follow the physical facts, and therefore cannot differ.' *Mouso v. Bellingham & Northern R. Co.*, 106 Wash. 299, 303, 179 Pac. 848."

The physical facts testified to by the officers and admitted by the appellant lead to no other conclusion than the one reached by the trial court: "The physical facts may support the testimony of the plaintiffs to overcome the presumption. That is the theory upon which I so declared."

■ Appellant contends that, inasmuch as he had the burden to establish deception, he was entitled to the assistance of the presumption of due care.

In the first place, a presumption of due care on the part of the decedent in such a case as this would not be of assistance to appellant, as it would not constitute evidence that decedent was deceived, or aid him in meeting the burden of establishing deception within the rule in order to exonerate himself. Since *Karp v. Herder*, 181 Wash. 583, 44 P. (2d) 808, has, in effect, been overruled, there is no presumption that decedent yielded the right of way. See *Hutton v. Martin, supra.*

Second, decedent was doing a forbidden act in violation of law and, in so doing, could hardly be presumed to be exercising due care. In *Bellantonio v. Warner*, 47 Wn. (2d) 550, 555, 288 P. (2d) 459, the court said:

". . . Here, the evidence established that the disfavored driver failed to yield the right of way. He was thereby performing a forbidden act. The standard of duty on the part of a disfavored driver is not changed by his having suffered retrograde amnesia.

"This court, in *Smith v. Yamashita*, 42 Wn. (2d) 490, 492, 256 P. (2d) 281 (1953), said:

" 'It would seem somewhat anomalous to say that it would be presumed the decedent was exercising due care in doing a *forbidden* act constituting statutory negligence.' "

■ There was no issue to submit to the jury on liability, as the undisputed evidence in the case clearly estab-

lished appellant's liability. The trial court correctly decided his liability as a matter of law. There was no evidence from which it could be found that respondent was guilty of contributory negligence as charged by appellant.

In *Bellantonio v. Warner, supra,* the court stated, p. 553:

" . . . He [the favored driver] had a right to assume that the disfavored driver would yield the right of way until such time as, in the exercise of due care, it became apparent that the disfavored driver would not yield. *Massengale v. Svangren,* 41 Wn. (2d) 758, 760, 252 P. (2d) 317 (1953), and cases cited.

" . . . When it becomes apparent to the favored driver that the disfavored driver will not yield the right of way, a reasonable reaction time must be allotted the favored driver. . . ."

The physical facts demonstrate that respondent acted within the normal reaction time.

There is nothing in respondent's testimony which would support appellant's allegation of contributory negligence, and there are no other facts or circumstances from which it may be inferred. See *Liesey v. Wheeler,* 60 Wn. (2d) 209, 373 P. (2d) 130.

 The court in the *Liesey* case, *supra,* quoted with approval *Boyle v. Lewis,* 30 Wn. (2d) 665, 676, 193 P. (2d) 332, where this court announced the following rule, p. 211:

" 'Contributory negligence must be set up as an affirmative defense, and the burden of proving it by a preponderance of the evidence is on the defendant. *Hart v. Clapp,* 185 Wash. 362, 363, 54 P. (2d) 1012. There must be substantial evidence of negligence—a scintilla of evidence will not do. *Dunsmoor v. North Coast Transp. Co.,* 154 Wash. 229, 281 Pac. 995.' "

There being an entire lack of probative evidence in the case at bar as to any negligence on the part of respondent, the trial court was correct in deciding as a matter of law that contributory negligence had not been proved.

Assignment of error No. 4 relates to the admission in evidence of respondent's exhibit No. 17 and the denial of appellant's motion that it be withdrawn from the jury's consideration. He contends that there was no proof that the Salt Lake City hospital expense of $400 was proper

and was proximately caused by the automobile accident. It is clear from the record that, at the time the item was considered, the appellant did not object to its admittance, but only reserved the right to cross-examine later and that he accepted the Seattle doctor's testimony as to its reasonableness, subject to cross-examination. Although there was no testimony from doctors in Salt Lake City who treated respondent in the hospital, there was sufficient evidence in the record with the testimony of the Seattle doctors to show a causal connection between the automobile accident and the suicide attempt, which necessitated the hospital expense. The claimed error is without merit.

Appellant assigns as error the denial of his motion for a new trial on the ground that the verdict was so excessive as to indicate passion and prejudice and substantial justice had not been done. The evidence shows that respondent sustained serious and substantial injuries as a result of the accident, including a cervical strain, strain in the upper muscles of the back and a concussion, and that she suffered from severe headaches, pain and depression. At the time of the trial, 31 months after the accident, she still had pain in the upper muscles of her back, including muscle spasms, dizziness, light-headedness, backache, pains in her neck, headaches, and depression.

The attending physician testified that respondent would have a lengthy period of treatment ahead of her and, in addition to the effects from other injuries, she "is going to have some psychiatric care for maybe two or three years yet, even longer. I am sure for not less than two years." The physician called by appellant agreed that future psychiatric care would be required for respondent.

In the light of the injuries respondent sustained, her prolonged suffering and discomfort, and her inability to enjoy life as she once had, plus medical expenses and other damages sustained by her as a result of the accident, we cannot say that substantial justice has not been done in that the verdict was excessive or the result of passion and prejudice.

The judgment is affirmed.

OTT, C. J., ROSELLINI, HUNTER, and HALE, JJ., concur.