[No. 37783.    Department One.    June 17, 1965.]

IRWIN B. BAUMAN *et al., Respondent,* v. LOUIS JAKE COMPLITA, JR., *et al., Appellants.**

*Reported in 403 P.2d 347.

*Williams & Novack,* by *Edward J. Novack,* for appellants.

*Griffin & Johnson,* by *Mathew D. Griffin,* for respondents.

HILL, J.—This is a controlled intersection collision case in which the favored driver (and his wife)[1] secured a judgment, based on the verdict of a jury, against the disfavored driver (and his employer). The defendants appeal.

Only two questions are presented on the appeal. The primary question is: Should a new trial be granted because the trial court refused to submit the issue of the plaintiff's contributory negligence to the jury?

The secondary question is: If a new trial is granted, should it be limited solely to the issue of liability (or, even more narrowly, solely to the issue of contributory negligence)?

The law applicable to the primary question is clear.

The issue of contributory negligence is generally one for the jury to determine from all the facts and circumstances of the particular case. It is only in rare cases that the court is justified in withdrawing the issue of contributory negligence from the jury. *Baxter v. The Greyhound Corp.,* 65 Wn.2d 421, 426, 397 P.2d 857 (1964); *Becker v. Tacoma Transit Co.,* 50 Wn.2d 688, 695, 314 P.2d 638 (1957); *Hynek*

---

[1] We shall hereafter refer to the favored driver as though he were the only plaintiff. He is the favored driver only if the defendant driver entered the intersection against a red light, which the jury—by its verdict—must have so found. We therefore accept that as a fact for the purposes of this opinion.

*v. Seattle,* 7 Wn.2d 386, 398, 111 P.2d 247 (1941); *McQuillan v. Seattle,* 10 Wash. 464, 465, 38 Pac. 1119 (1895).

Restatement, Torts § 463 (1934), points out in comment *b* that a reasonably prudent man is one who "pays reasonable regard to his own safety."

As Judge Steinert said in *Chadwick v. Ek,* 1 Wn.2d 117, 129, 95 P.2d 398 (1939),

> The doctrine of contributory negligence rests upon the principle that a person is never absolved from exercising reasonable and ordinary care for his own safety and cannot thrust all responsibility upon others.

Before the trial court can take the issue of contributory negligence from the jury and hold, as a matter of law, that there was none, the evidence must be such that all reasonable minds would agree that the plaintiff had exercised the care which a reasonably prudent man would have exercised for his own safety under the circumstances. *Hynek v. Seattle, supra; Chadwick v. Ek, supra.*

■ This rule applies even to a plaintiff who is the favored driver in a signal-controlled intersection; the fact that it is a signal-controlled intersection being an important circumstance, but not one which in itself excluded the possibility of contributory negligence. *Grabos v. Loudin,* 60 Wn.2d 634, 374 P.2d 673 (1962); *Owens v. Kuro,* 56 Wn.2d 564, 354 P.2d 696 (1960). As we said in the last cited case (p. 573),

> One cannot merely depend on another's obeying a traffic signal without observing the situation. Even were a red signal exhibited, one could not rely on an oncoming vehicle to stop and move directly into its path where one has not looked and observed an indication that the vehicle would stop.

We come now to a summation of the material facts relating to the care exercised by the plaintiff driver.

The collision occurred in Everett at the intersection of Broadway and Hewitt Avenue. The favored driver, who had been proceeding south on Broadway in the left-turn lane, entered Hewitt Avenue with an amber light, proceeding at about two miles an hour, and stopped momentarily with

the front end of his panel truck near the center line of Hewitt Avenue. He saw the defendant oil company's truck coming north on Broadway at a speed he estimated to be 25-28 miles an hour and testified that he saw the front end of the oil truck "dip" at a point 55 to 70 feet[2] south of the intersection and assumed that it was stopping. He also testified that he knew that such a "dip" could be caused either by braking or simply by taking a foot off the gas. After the light turned green for east-west traffic on Hewitt and red for north-south traffic on Broadway, he made his left turn and, while proceeding easterly on Hewitt, was hit by the northbound oil truck. He had not observed the oil truck between the time he saw its front end "dip" and the collision.

Until he knew or in the exercise of care should have known to the contrary, the plaintiff-driver had a right to assume that the defendant-driver would obey the law and stop. *Archibald v. Gossard,* 65 Wn.2d 486, 397 P.2d 851 (1965); *Ward v. Zeugner,* 64 Wn.2d 570, 575, 392 P.2d 811 (1964); *Bellantonio v. Warner,* 47 Wn.2d 550, 288 P.2d 459 (1955); *Massengale v. Svangren,* 41 Wn.2d 758, 252 P.2d 317 (1953).

The defendant-driver did not stop; and our concern is whether, in the exercise of due care, the plaintiff-driver should have known it in time to have avoided the collision.

The oil truck was proceeding down a slight grade on a wet street. An expert witness testified that, under the conditions then existing when the favored driver saw the front end of the oil truck "dip," it would have required 95 to 115 feet for a "dynamite" stop at 25 miles per hour. This meant that the defendant-driver could not have stopped before reaching the intersection.

The favored driver testified that he was aware of the correlation between miles per hour and feet per second. At the speed he testified the oil truck was traveling, he knew

[2]In his deposition, he had fixed the distance at approximately 30 feet south of the crosswalk (which is 12 feet 6 inches in width), or approximately 42 or 43 feet south of the intersection.

that the oil truck would be in the intersection in less than two seconds, unless it was stopped. The favored driver knew, too, that the "dipping" of the front end of a truck did not necessarily mean that the brakes were being applied.[3] The favored driver had made this same left turn for 25 years, and for the last 19 years had made it at least 3 or 4 times a day; he knew that 9 out of 10 trucks "customarily run that light."

We will concede that a jury might conclude that the plaintiff-driver, having seen the front end of the oil truck "dip" 55 to 70 feet from the intersection, had a right, as a reasonably prudent man, to assume that it would stop and that there was no contributory negligence on his part. We are satisfied, however, that a jury could also conclude that for the plaintiff-driver to move from a stop directly into the path of the oncoming truck, without knowing whether or not the defendant-driver was braking or, if he was, what effect it was having on his forward progress, was not the act of a reasonably prudent man and constituted contributory negligence on his part. Since reasonable minds could disagree, it was a question for the jury. *Baxter v. The Greyhound Corp., supra.*

The plaintiff (favored driver) places great reliance on the case of *Warner v. Keebler,* 200 Wash. 608, 94 P.2d 175 (1939), because in that case the plaintiff (favored driver) testified that he saw the disfavored driver's truck as he approached the intersection, thought it had slowed down or stopped to let him pass, turned his attention to the road ahead and did not realize the truck had not stopped until

---

[3]The favored driver's statements concerning the cause of the "dip" of the front end of the truck are as follows:

"It came on through that place and he had hit his brakes or not I don't know or either that he took his foot off of the accelerator to cause the front end of the truck to dip.

"The truck dipped . . . as if he was applying the brakes or either that or decelerating or taking his foot off of the accelerator, I mean.

"I noticed the front end of his truck dive down as he was either taking his foot off the gas or applying his brakes." (From pre-trial deposition.)

it was right in front of him and it was too late to avoid a collision. That case was tried without a jury, and the trial court found that both drivers were negligent and denied them any recovery. This court reversed, holding that, as a matter of law, the favored driver had a right to believe that the defendant-driver was stopping for him and that he had exercised the care required of a reasonably prudent person in his position and was not chargeable with contributory negligence.

Here, the jury, viewing the evidence in the light most favorable to the defendants, could reasonably have found that the plaintiff (favored driver) had ceased observation of the oil truck after he saw the front end "dip" and had never looked at it again, though he knew the pavement was wet and knew that the oil truck was traveling down grade and at a speed which made it unlikely that it could stop before reaching the intersection; he knew, also, from experience that 9 out of 10 trucks coming down that grade ran the red light. This would have entitled the jury to conclude that the respondent did not exercise the reasonable care required of a favored driver, in failing to ascertain whether the oil truck was stopping.

Since it cannot be said as a matter of law that the plaintiff-driver was, or was not, contributorily negligent, that issue should have been submitted to the jury, and it was prejudicial error not to do so. This necessitates a remand for a new trial.

The plaintiff-respondent asks that any new trial granted be limited to the issue of contributory negligence. No Washington cases were cited in support of this proposal but, subsequent to the writing of the briefs, we did remand a case for a new trial limited to the issues of contributory negligence and damages. See *Ward v. Zeugner*, 64 Wn.2d 570, 392 P.2d 811 (1964). However, in that case the jury had brought in a verdict denying recovery to either party on the theory that both parties were negligent. We held that the defendant was negligent as a matter of law, and that while the issue of contributory negligence was for the jury,

the plaintiff had been prejudiced by the failure of the trial court to submit a proposed instruction to the effect that until he knew, or in the exercise of due care should have known to the contrary, he had a right to assume that defendant-driver would obey the law and yield the right of way. The defendant having been negligent as a matter of law, it was proper to submit to the jury on the new trial only the issue of the plaintiff's contributory negligence and the amount of his damages.

In the instant case, we have assumed the negligence of the defendant-driver, because of the verdict; but there was definitely a fact issue as to whether he entered the intersection on an amber light (no liability), or a red light (liability). The issues of negligence and contributory negligence should be passed upon by the same jury.

Nor should the new trial be limited solely to the issue of liability. The question presented is the converse of that usually presented, of whether the new trial should be limited to the issue of damages. The point is a narrow one, and the cases involving it are few. We recognize that there are situations, especially where the evidence as to damages is largely objective and the extent thereof is not seriously challenged on the appeal, where a new trial could well be limited to the issue of liability. However, in the present case, the details of the injury sustained by the plaintiff-driver and the symptoms thereof are largely subjective and supplied by him. The proof as to liability and as to most of the damages comes from the same source and should be evaluated by the same jury.

A new trial is granted on all issues.

ROSELLINI, C. J., OTT and HALE, JJ., and BARNETT, J. Pro Tem., concur.