[No. 38779.  Department One.  August 3, 1967.]

FRANK W. ROBERTS et al., Respondents, v. THORVALD LARSEN et al., Appellants.*

Merrick, Douglas & Burgess and H. Roland Hofstedt, for appellants.

Sullivan, Burton & Meade and Daniel F. Sullivan, for respondents.

WEAVER, J.—This is an action by a favored driver of an automobile against a disfavored driver. Defendant's five assignments of error present two issues: first, was it error to direct a verdict of liability against defendant? Second, was it error to refuse to give an instruction on contributory negligence?

Prior to the collision, plaintiff had driven south on 15th N.W. in Seattle. He made a right turn onto N.W. 85th when permitted by the traffic control signal. Plaintiff testified that his speed was about 25 miles per hour. Although west-

*Reported in 431 P.2d 166.

bound traffic on N.W. 85th was light, two lines of eastbound traffic were backed up from 15th N.W. *past* 16th N.W. by reason of the traffic control signal at 15th N.W. and N.W. 85th.

Defendant, who was driving north on 16th N.W. testified that he had stopped his automobile at the stop sign at the southeast corner of 16th N.W. and N.W. 85th. His testimony indicates that he waited for eastbound traffic to move during two signal light changes at 15th N.W. Finally, an eastbound driver on the inside lane of N.W. 85th, who had stopped on the west side of 16th N.W. because the eastbound traffic lanes between 16th N.W. and 15th N.W. were full,[1] motioned to defendant to cross the intersection. Defendant saw another car approaching from the west. He testified: "So, of course, the other car on the—coming from the west, I stepped on the gas."

The record amply supports the trial court's conclusion that defendant was negligent as a matter of law for failure to yield the right of way.

It was not error to direct a verdict of liability.

■ Contributory negligence is an affirmative defense and the burden of proving it rests on the defendant. It must be established by susbstantial evidence; a scintilla of evidence is not sufficient. *Golub v. Mantopoli*, 65 Wn.2d 361, 397 P.2d 433 (1964). If there is no evidence of contributory negligence, it is error to submit the issue to the jury. *Hughey v. Winthrop Motor Co.*, 61 Wn.2d 227, 377 P.2d 640 (1963), and authorities cited.

Defendant's principal contention is that plaintiff saw or should have seen that there was a break in the eastbound flow of traffic on N.W. 85th at 16th N.W. This is not sufficient to support a claim of contributory negligence, for, as we have pointed out heretofore (see note 1), the break

---

[1]Seattle Code 21.12.440 provides: "No driver shall enter an intersection . . . unless there is sufficient space on the other side of the intersection . . . to accommodate the vehicle he is operating without obstructing the passage of other vehicles or pedestrians, notwithstanding any traffic-control signal indication to proceed.

occurred because the eastbound drivers were obeying the municipal traffic code. The break in the traffic is not notice that defendant was going to take a calculated risk and "shoot the gap."

Defendant has not pointed out, and a reading of the record has failed to disclose, a single evidentiary fact or circumstance which would support a conclusion that plaintiff's conduct fell below the standard to which he should have conformed. It was not error to refuse to give the requested contributory negligence instruction.

The judgment is affirmed.

FINLEY, C. J., HILL and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.