[No. 22150. Department Two. March 5, 1930.]

E. C. COONEY et al., Appellants, v. TACOMA MOVING & STORAGE COMPANY, Respondent.[1]

*Williamson, Freeman & Broenkow,* for appellants.
*Ellis & Evans,* for respondent.

MAIN, J.—The plaintiffs brought this action to recover damages to a truck owned by them claimed to be due to negligence chargeable to the defendant. The

[1]Reported in 285 Pac. 667.

defendant denied liability, and by cross-complaint sought damages to a truck owned by it. The cause was tried to the court and a jury and resulted in a verdict in favor of the plaintiffs in the sum of $755.70. The defendant moved for judgment notwithstanding the verdict, which motion was sustained. Judgment was entered dismissing the action, from which the plaintiffs appeal.

The facts are these: The accident out of which this litigation arose happened June 2, 1925, in the city of Tacoma at the intersection of Dock street and a private roadway. Dock street extends north and south, and the private roadway east and west. To the east of Dock street, there are two dock buildings, the Commercial and the Eureka. Between these two docks, is the private roadway mentioned. The docks on the east border on the city waterway. Between the driveway on Dock street and the west side of the docks, there are a number of railway tracks. The most westerly of these is a spur track, the north end of which terminates at the south line of the private roadway.

At the time of the accident, there were one or more freight cars standing on the north end of this spur. A truck owned by the appellants and driven by one of their employees, Elmer Phillips, was proceeding west on the private roadway, intending to enter and turn south on the roadway on Dock street. He was proceeding at a speed of about ten miles an hour. A truck owned by respondent and driven by one Leonard V. Brock was proceeding north on the roadway on Dock street at a speed of approximately twenty miles per hour. As Phillips entered Dock street and was making the turn to the left, the truck which he was driving was struck just back of the driver's seat thereon by the front end of the truck driven by Brock,

with the result that both trucks sustained more or less damage.

There is some controversy over whether Phillips' testimony should be construed as meaning that he looked as he entered from the private roadway on to Dock street, and saw the truck of the respondent driven by Brock, or whether the testimony should be construed that he did not look until he was near the center of the roadway. For the purposes of this case, it is immaterial which construction be placed upon the testimony.

It will be admitted that the question of whether the brakes on the respondent's truck were defective was a question of fact for the jury.

The controlling question upon this appeal is whether Phillips, the driver of appellants' truck, was guilty of contributory negligence as a matter of law. If he did not look or take any precautions for his safety as he entered upon the roadway of Dock street, he was guilty of contributory negligence as a matter of law. *Stueding v. Seattle Electric Co.*, 71 Wash. 476, 128 Pac. 1058; *Galloway v. Segerstrom*, 147 Wash. 624, 267 Pac. 40.

On the other hand, if he looked and saw the respondent's truck approaching 75 or 80 feet distant, and attempted to make the turn in front of that truck, he was guilty of contributory negligence as a matter of law, because it was his duty to wait until the truck of the respondent had passed before he entered upon the roadway upon which it was approaching. *Rosenstrom v. North Bend Stage Line*, 154 Wash. 57, 280 Pac. 932; *Kuhn v. American Fruit Growers*, 154 Wash. 693, 283 Pac. 444.

The trial court rightly sustained the motion for judgment notwithstanding the verdict and dismissed

the action because Phillips was guilty of contributory negligence as a matter of law.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.