SOUTHERN STATES POWER COMPANY v. MERRILL CLARK.

159 So. 881.

Division A.

Opinion Filed February 28, 1935.

Rehearing Denied March 29, 1935.

*James H. Finch,* for Plaintiff in Error;

*John H. Carter* and *John H. Carter, Jr.,* for Defendant in Error.

WHITFIELD, C. J.—Merrill Clark brought an action against the Southern States Power Company to recover damages for personal injuries, the declaration containing the following allegations:

"That the plaintiff, on and before June 6, 1932, was an employee and servant of the defendant, at Marianna, in Jackson County," Florida, "and the defendant was then and there engaged in the hazardous occupation of manufacturing and selling electricity. That by reason of said employment it was then and there the duty of the defendant to furnish plaintiff a safe place to work in, and safe tools and appliances to work with, but defendant disregarding said

duty negligently failed to do so, or to warn plaintiff of the dangers of his work, and by reason of defendant's negligence in that behalf, the plaintiff, while at work about a certain high steel tower, carrying a water tank on top, owned and operated by the defendant in its business aforesaid, near its plant in Marianna in said County, and without fault on his part, was permanently injured by his foothold slipping for lack of reasonably proper support, while pulling up a certain appliance called a rigging, to be used in working about said tower and tank. That the place where the plaintiff was thus required to work was unsafe and the nature of the work was unsafe, and which he was unaccustomed to, said work being outside of the ordinary duties of his employment, but which he was required to do by defendant's foreman or superintendent having authority over him, and he was unawares of the danger, which was not obvious * * *. ·That at the time of such injury the plaintiff was twenty-one years of age, of sound body and health, and able and willing to work, having an earning capacity of ·$3.00 to $5.00 a day, he having theretofore actually earned that much, but at the time of his injury only $1.25 a day which was after two or more cuts in wages."

There were pleas of not guilty, contributory negligence, assumption of risk and that the injury was caused by the negligence of fellow servants of the plaintiff.

At the trial a motion for a directed verdict for the defendant at the close of all the testimony was denied, and the following verdict was rendered:

"We, the jury, find for the plaintiff $2,500.00 with legal rate of interest from June 7, 1932, till date.

"R. L. Dickson,
*"Foreman."*

Judgment was rendered as follows:

"It is therefore considered by the court, and it is the judgment of the court, that the plaintiff, Merrill Clark, do have and recover of and from the defendant, Southern States Power Company, a corporation, the sum of $2,691.66 damages, and the further sum of $42.90 costs herein, for which let execution issue, to be levied of the goods and chattels, lands and tenements of the said defendant, and to the plaintiff rendered."

A motion for new trial was denied. Defendant took a writ of error to the judgment.

The questions presented here for determination are the sufficiency of the evidence to sustain the verdict and whether it was error to refuse to let witnesses testify that they had performed the same service without being injured, the proffered testimony being offered to show the work was not hazardous nor the place dangerous.

It appears that the defendant company was engaged in generating and selling electrical current. The plaintiff testified that he did line work for the defendant; that to assist in pulling the plunger to the pump out of the well under the water tower, the plaintiff went up a ladder seventy-two feet pulling a small rope with a block and tackle and fastened the block to a cross bar between the legs that support the water tank; that

"I got up there on this cross arm, stepped out on that with my rope, * * * and I felt my feet slip and I couldn't get in any position except hang the best I could, and throwed my left leg on this rod as I said running about 45 degrees between those legs" (of the water tank). "When I reached down to pick up the block and started up, then is when I felt this awkward sprain in the left hip; I managed to get it in there and kind of pushed it with my foot and came on

back down." "Two of the employees were standing there and of course they heard me complain of my hip at the time and slight limping as I walked."

The testimony that the plaintiff did limp and complain of his hip when he returned to the ground is conflicting.

It appears that the next day the plaintiff had to quit work because of high fever. Later an abscess in the left hip joint developed, necessitating an operation. Plaintiff is seriously incapacitated and has suffered greatly from the consequences of the abscess.

Expert testimony was adduced to show that the abscess could have resulted from a sprain of the hip; and the evidence might fairly warrant an inference of proximate cause and effect between the sprain testified to and the abscess which resulted in the plaintiff's incapacities, for which this action was brought.

The evidence also warranted an inference that the place where the plaintiff was working when his hip was sprained was not in a reasonably safe condition for the heavy and dangerous work so far above the ground. It was the duty of the defendant to make the place reasonably safe for the particular task required to be performed and there is no evidence that the plaintiff was negligent or that he should have appreciated the risks and assumed them, if that would be defense in this case. It was plaintiff's first attempt to do the particular task and it does not appear that he was instructed as to the undertaking.

Testimony that others had performed the task without being injured could not properly be adduced to excuse the defendant from furnishing a safe place for the work or to show contributory negligence, the risks not being patently obvious to one not accustomed to such risks.

In the absence of a controlling statute, the general rule

is that interest will not be allowed as an element of damages in actions for personal injury. 17 C. J. 824.

If the amount awarded as interest be remitted, the judgment will be affirmed as to the remainder, otherwise the judgment will stand reversed for a new trial.

It is so ordered.

BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.