[No. 35648. Department One. October 11, 1961.]

FOREST REYNOLDS, *Appellant*, v. CARL E. PHARE *et al.*, *Respondents.**

*Wolfstone & Piehler* and *Barbara Ohnick*, for appellant.

*Lycette, Diamond & Sylvester* and *Earle W. Zinn*, for respondents.

WEAVER, J.—This is an action for damages for personal injury allegedly suffered by plaintiff as the result of a ride on an amusement device known as "Shoot the Chute," owned and operated by defendants at Playland in Seattle.

The jury returned a verdict for defendants, and plaintiff appeals from the judgment.

*Reported in 365 P. (2d) 328.

The "Shoot the Chute" is a slide, approximately sixty-five feet high. A boat, in which passengers ride, is pulled up one side of a ramp by a chain, and, after going around a curve at the top of the ramp, slides down a two-hundred-thirty-five-foot chute. It leaves the chute about six inches above the water. Its momentum carries it to the far side of an artificial pond, about two hundred feet long, where it is secured by an attendant.

After watching several boats come down the chute, plaintiff and his minor son purchased tickets and seated themselves at the front of one of the boats. They were not instructed, orally or by sign, how to hold on or how to sit in the boat. When the boat hit the water, plaintiff bounced on the seat and felt a severe pain in his back. It was later discovered that he had suffered a compression fracture of the second lumbar vertebra.

The trial court gave three general instructions to the jury that define contributory negligence and explain the burden of proving it. In addition, instruction No. 18 was given.

"You are instructed that if the plaintiff did not seat himself in the boat as an ordinary prudent person would under like or similar circumstances, and that his injury, if any, was sustained as a direct and proximate result of such failure, if any, on his part, then the plaintiff would be guilty of contributory negligence and cannot recover in this action."

. Plaintiff does not contend that the three general instructions do not state the law correctly. (They appear to be King County Uniform Instructions.) Plaintiff (appellant) does contend, however, that there is no evidence in the record to support even an inference of contributory negligence.

We have consistently followed the rule that it is prejudicial error to submit to the jury by instructions a question unsupported by evidence in the record. *Rutherford v. Deur*, 46 Wn. (2d) 435, 437, 282 P. (2d) 281 (1955); *Leavitt v. DeYoung*, 43 Wn. (2d) 701, 707, 263 P. (2d) 592 (1953), and cases cited; *Rathke v. Roberts*, 33 Wn. (2d) 858, 876, 207 P. (2d) 716 (1949).

■ We do not agree with defendants' contention that evidence of the number of persons who had ridden this particular amusement device without accident has probative value sufficient to raise an issue and to support an instruction on plaintiff's alleged contributory negligence. As one court held, this would

". . . open up a field of speculation that could not be covered in a lifetime. . . ." *Clancy v. Joplin*, (Mo. App.) 181 S. W. 120 (1916). See *Southern States Power Co. v. Clark*, 118 Fla. 521, 159 So. 881 (1935).

A careful review of the evidence convinces us that there is merit in plaintiff's (appellant's) contention that the trial court erred when it gave its instructions on contributory negligence.

■ Plaintiff was not instructed how to sit in the boat. There is no evidence that plaintiff did not seat himself properly, nor that he did anything during the ride other than hold on to the bar furnished for that purpose. We find nothing in the testimony sufficient to present the issue of plaintiff's alleged contributory negligence. It was, therefore, error to give instructions Nos. 5, 6, 8, and 18.

■ Since there was prejudicial error committed by giving the contributory negligence instructions, a new trial must be ordered. We, therefore, do not deem it necessary to discuss in detail the other assignments of error (*Leavitt v. DeYoung*, 43 Wn. (2d) 701, 708, 263 P. (2d) 592 (1953)), for it is not the province of this court to write the instructions for a retrial of the case. *Ulve v. Raymond*, 51 Wn. (2d) 241, 250, 317 P. (2d) 908 (1957).

However, we note the following:

(a) It is within the discretion of the trial court to determine how many instructions should be given regarding each litigant's theory of the case. We will not disturb the exercise of that discretion unless it clearly appears that undue emphasis has been placed on one theory to the detriment of the other. *Ulve v. Raymond, supra.* With the elimination of instructions Nos. 5, 6, and 8, we cannot say that there remains an over-emphasis of plaintiff's burden of proof.

(b) On a retrial, the words "mere fact" should be eliminated from instruction No. 16, or a similar instruction, to avoid any question "as to the impartiality of the instructions as a whole." *Cantrill v. American Mail Line,* 42 Wn. (2d) 590, 600, 257 P. (2d) 179 (1953).

The judgment is reversed, and the case remanded for a new trial.

Costs shall abide the final determination of this cause. Rule on Appeal 55(b) (1), RCW, Vol. 0.

It is so ordered.

FINLEY, C. J., ROSELLINI, OTT, and FOSTER, JJ., concur.