63 Wn.2d 192 (1963)
386 P.2d 137
EDWIN W. BENSEN, Appellant,
v.
SOUTH KITSAP SCHOOL DISTRICT NO. 402, Respondent.[*]
No. 36640.
The Supreme Court of Washington, Department One.
October 31, 1963.
John J. Kennett and Richard E. Schultheis (of Schultheis, Maddock & H.G. Sutton), for appellant.
Bryan & Bryan, for respondent.
MURRAY, J.[]
The appellant, Edwin W. Bensen, a music teacher, while on the premises of his employer, respondent South Kitsap School District No. 402, was injured by stumbling over a large boulder while returning, in the darkness, from the school building to his automobile. After a verdict for the appellant, a new trial was ordered. This appeal followed.
The facts are largely undisputed. On the evening of November 15, 1960, the appellant returned to the school premises for a night function. It was a dark, rainy evening. He parked his automobile about 40 feet east of the annex *194 building and 15 to 20 feet south of the former site of a building called "teachers' cottage." Appellant had parked in approximately this same place about eight times a year during the previous three years while attending school functions at night. In a meeting at the beginning of the school year, the appellant and other teachers were told of the respondent's plan to raze certain structures in preparation for construction of additional school buildings. The teachers were instructed to park to the west of the high school building on what is called the upper level; other areas were designated for student parking. At that meeting, appellant was given a teachers' handbook which contained the following:
"All faculty cars are to be parked on the upper level just west of the North Building. All student cars are to be parked on the two lower levels just west of the North Building. There is room for a few faculty cars in the parking area where school buses enter. We will keep students out of this area.
"The `Annex Building' will be razed during the winter and construction of the new science, art, shop, and vocational building will be well on its way toward completion before the school year is over.... The area involved in the razing and new construction, including the parking lot adjacent to the highway, will be `off limits' to students for the entire school year. The entire staff is requested to cooperate in enforcing this regulation."
The annex building had two floodlights which faced generally in the direction of the area where appellant parked, but, a few days before the accident, the electric wires had been removed in preparing for the demolition of the building. There were two floodlights on the high school building approximately 250 feet to the north, one on each upper corner and facing southerly. The evidence is in conflict as to whether those lights were burning, and also varied as to their effectiveness as visual aids on the evening of the accident.
Between the place where appellant parked and the building to which he was proceeding, there was a rock wall or bulkhead extending in a generally north and south direction. *195 The appellant's route was generally along and to the westerly side of this wall. For two or three days before the accident, the respondent's workmen had been removing the rocks therefrom. The rocks were from a foot to 18 inches thick. At least two of the rocks were left on the edge of the blacktop paving, which extended up to the wall in that area. The evidence does not show how, when or by whom the rocks were so placed.
Approximately 25 to 30 feet west of appellant's parked car were the words "No Parking" painted on the paving in white letters 2 1/2 to 3 feet high, which had been there for approximately five years. The "No Parking," so far as the record shows, had nothing to do with the danger created by the construction program. It was to avoid traffic interference in that area during the regular school day.
After the school function, the appellant, returning to his car over approximately the same route he had used earlier in the evening, was injured when he stumbled and fell over a large object which he contends he did not see, but which, by groping in the dark, he determined to be a rock about 18 inches high.
There was evidence that appellant, when being taken to the hospital, had said that, earlier in the evening, he had seen the rocks but had forgotten them in returning. There was also evidence by one of the appellant's witnesses that, while parking that evening in the area near appellant's car, the headlights disclosed some loose rocks on the blacktop paving.
The appellant's assignments of error may be briefly stated as follows: (1) the new trial order is a nullity because the reasons of law and fact for granting it were not set out, (2) the court erred in submitting to the jury the issue of contributory negligence because it was not justified by the evidence, and the respondent was guilty of wanton misconduct, (3) if contributory negligence was a question for the jury, instruction No. 10 was correct, and, if not, the error was harmless.
*196 (1) Rule of Pleading, Practice and Procedure 59.04W provides in part:
"In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing."
The order granting the new trial contained the following:
"... and the court having taken the defendant's Motion for New Trial under advisement and having submitted and filed herein a Memorandum Decision granting defendant's motion for a new trial and awarding a new trial to the defendant; and the court being fully advised in the premises; now, therefore, it is
"ORDERED that defendant's Motion for a New Trial be and the same is hereby granted, ..."
[1] Did this order comply with the rule? Ordinarily, it can be said that, until the judgment is entered, the trial judge can change his mind. Consequently, unless the order enumerates the reasons, the adverse party is uninformed as to the basis thereof, and, on appeal, this court is likewise uninformed and would be required to search the record. The rule was adopted to correct these difficulties. See, 2 Washington Practice, Trial Practice, chapter 17, § 515, p. 331; Greenwood v. Bogue, 53 Wn. (2d) 795, 337 P. (2d) 708.
In the case at bar, the court made reference ("and having submitted and filed herein a memorandum decision granting defendant's motion for a new trial") to a definite, filed, written opinion which it thereby adopted and acted upon. The order was based upon the memorandum decision, which stated the reason, namely, error in giving instruction No. 10. The parties were informed of the reason for the order, and this court is likewise so informed. We hold this to be compliance with the rule.
(2) Should the issue of contributory negligence have been submitted to the jury? Was there wanton misconduct on the part of respondent?
[2] In the factual statement of this opinion, we believe a sufficient narration of the evidence was made to show that the issue of contributory negligence was for the jury. Appellant knew he was in a construction area; from experience *197 he knew the area was not as well lighted as previously. There was testimony by one witness that the headlights disclosed some rocks in the area of appellant's car that night. There was evidence that appellant saw some rocks earlier in the evening and forgot them when returning to his car. From this showing, the court was correct in submitting the question of contributory negligence. Frasch v. Leedom, 62 Wn. (2d) 410, 383 P. (2d) 307.
[3] The appellant also contends that respondent was guilty of wanton misconduct in allowing the rocks to remain on the blacktop surface. In Adkisson v. Seattle, 42 Wn. (2d) 676, 687, 258 P. (2d) 461, this court defined wanton misconduct as follows:
"Wanton misconduct is not negligence, since it involves intent rather than inadvertence, and is positive rather than negative. It is the intentional doing of an act, or intentional failure to do an act, in reckless disregard of the consequences, and under such surrounding circumstances and conditions that a reasonable man would know, or have reason to know, that such conduct would, in a high degree of probability, result in substantial harm to another."
This definition has been cited with approval in Greetan v. Solomon, 47 Wn. (2d) 354, 287 P. (2d) 721, and McGarvey v. Seattle, 62 Wn. (2d) 524, 384 P. (2d) 127.
The record shows that, for several days before the incident, respondent's workmen had been taking down the rock wall and hauling away the material. Two large rocks were left near the wall on the edge of the blacktop pavement. There is no evidence showing when or by whom the rocks were so placed. There is no showing of an intentional doing of an act in reckless disregard of the consequences. The respondent was engaged in a razing and construction program in the area. Appellant had almost daily knowledge of this condition. The case presents a question of negligence, rather than wanton misconduct, on the part of the respondent, and contributory negligence on the part of the appellant.
(3) The court granted a new trial by reason of prejudicial error in giving instruction No. 10 as follows:
*198 "Even if you find that the plaintiff actually saw the rocks on the way into the school from the lot behind the annex that he testified he later stumbled over, if he momentarily forgot such rocks or their location upon his return to the lot behind the annex, such momentary forgetfulness would not preclude plaintiff from recovering if you find that he otherwise exercised such care and caution in walking in the lot wherein the rocks were located as a person of ordinary prudence would use under similar circumstances upon returning to said lot."
There was evidence that appellant had seen the rocks earlier in the evening and, in returning, had forgotten them.
[4] The instruction should have read to the effect that, even if appellant knew of the rocks and had forgotten them momentarily, the jury should have an opportunity to determine whether a person in his situation, with his knowledge, in the exercise of reasonable care, would have forgotten. The question was whether appellant used reasonable care under the circumstances and not whether he otherwise used reasonable care. Blankenship v. King Cy., 68 Wash. 84, 122 Pac. 616; Hayden v. Colville Valley Nat. Bank, 180 Wash. 220, 39 P. (2d) 376.
The instruction was erroneous and prejudicial by taking from the jury the question of reasonable care under the circumstances. The court was correct in granting a new trial.
Under Rule on Appeal 16, the respondent has the right to present "... claimed errors by the trial court in instructions given or refused and other rulings which, if repeated upon a new trial, would constitute error prejudicial to the respondent."
Respondent objects to instruction No. 6 as follows:
"I first object to No. 6. I have no objection to the first part of that instruction, but the last part, beginning five lines from the bottom, `If the employer fails to make due and proper inspection of the premises aforesaid, ...' and skipping down to the last line, `... then the employer has violated its duty and is liable to the employee.' ..."
*199 Instruction No. 6, in part, follows:
"... If the employer fails to make due and proper inspection of the premises aforesaid, and as a proximate result thereof an unsafe condition is permitted to exist which is the sole proximate causes of injury and damage to an employee, then the employer has violated its duty and is liable to the employee."
[5] The respondent insists that, if it created the condition, inspection or lack of it had nothing to do with the accident. An examination of the record shows that at least one officer of the respondent was in the area daily. There was no evidence of a required or proper standard of inspection. There was no evidence upon which the jury could conclude that the accident was due to lack of inspection of a required or proper standard. If the respondent was negligent in creating the condition, there was no necessity of submitting to the jury the question of inspection. We believe the portion of the instruction objected to should have been stricken. We cannot now say whether it should be given on a retrial. Its propriety would depend upon the proof. Reynolds v. Phare, 58 Wn. (2d) 904, 365 P. (2d) 328.
Respondent complains of instruction No. 8, and the objection thereto is in part as follows:
"Now I object then to Instruction No. 8, and particularly the last portion of that where Your Honor intends to instruct the jury that if the school district `took no affirmative action to close off access to said parking area, then the defendant is stopped from now claiming that said sign on November 15, 1960 forbid plaintiff to park his car at the place where he parked it.'"
[6] The evidence shows that the "No Parking" sign had been painted in 1955 and had no relation to present construction hazards in the area. It had been so placed to prevent traffic interference. Since the demolition and construction program created new hazards, the rule of reasonable care required respondent to do something to reactivate the old "No Parking" sign to warn of danger.
We find no error in the portion of instruction No. 8 to which objection is made.
*200 [7] Respondent objects to instruction No. 13, the first paragraph of which reads as follows:
"In fixing the amount of damages to be awarded the plaintiff, you will award him such an amount as will fully and fairly compensate him for all the damage sustained by him."
The instruction should have included the words "if any" after the word "damages." This omission, however, was not error, since there were other instructions indicating that negligence must be proved before any recovery could be had. However, by including the words "if any," there could be no confusion on the part of the jury in reading it.
[8] Respondent complains of the court's refusal to give its proposed instruction No. 14, as follows:
"When an area is under construction and an employee knows it to be under construction, the employer is not responsible to keep the area safe from ordinary dangers or hazards incident to the construction work."
The court refused to give it because the rule stated applies to construction workers. It is true that appellant, a music teacher, was an employee of the respondent, but not engaged in the construction or demolition work. Jones v. Moran Bros. Co., 45 Wash. 391, 88 Pac. 626; Decatur v. Tompkins, 25 F. (2d) 526, 60 A.L.R. 402; Lewinn v. Murphy, 63 Wash. 356, 115 Pac. 740.
In the situation presented in the case at bar, the employer, even though engaged in construction work, was bound to use reasonable care under the circumstances in making the area reasonably safe for its employees. The court was correct in refusing to give respondent's proposed instruction No. 14.
The respondent claims misconduct of appellant's counsel in his closing argument. It is unnecessary to discuss this claim of error because of our conclusions on other issues.
The judgment is affirmed.
OTT, C.J., HILL, HUNTER, and HALE, JJ., concur.
NOTES
[*] Reported in 386 P. (2d) 137.
[] Judge Murray is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.