[No. 39025. Department One. November 30, 1967.]

ELMER LIEBHART, *Respondent*, v. JAMES E. CALAHAN *et al.*, *Appellants.*\*

*Hughes & Jeffers*, by *Joseph L. Hughes*, for appellants.

*Ries & Kenison*, by *Darrell E. Ries*, for respondent.

\*Reported in 434 P.2d 605.

HILL, J.—This case presents but one issue: Was there evidence from which the jury could have found wanton misconduct on the part of the defendant, James E. Calahan?

If there was such evidence, there is no basis for any of the contentions made on this appeal from a judgment of $58,020 against the defendants,[1] based on a jury verdict in that amount.

The trial court defined wanton misconduct as follows:

> Wanton misconduct is the intentional doing of an act, or intentional failure to do an act, in reckless disregard of the consequences, and under such surrounding circumstances and conditions that a reasonable man would know or have reason to know that such conduct would, in a high degree of probability, result in substantial harm to another. (Instruction No. 8)

■ This is in accord with our decisions. In the leading case of *Adkisson v. Seattle*, 42 Wn.2d 676, 258 P.2d 461 (1953), we attempted to make clear the distinction between "wilful" and "wanton" misconduct and gave the following definition of "wanton misconduct."

> Wanton misconduct is not negligence, since it involves intent rather than inadvertence, and is positive rather than negative. It is the intentional doing of an act, or intentional failure to do an act, in reckless disregard of the consequences, and under such surrounding circumstances and conditions that a reasonable man would know, or have reason to know, that such conduct would, in a high degree of probability, result in substantial harm to another. (p. 687)

This we have quoted in *Bensen v. South Kitsap School Dist. No. 402*, 63 Wn.2d 192, 386 P.2d 137 (1963); *McGarvey v. Seattle*, 62 Wn.2d 524, 384 P.2d 127 (1963); *Greetan v. Solomon*, 47 Wn.2d 354, 287 P.2d 721 (1955); (see W.P.I. 14.01).

With this definition in mind, we come to a consideration of the evidence: Three cars and a truck were parked in the

---

[1] The defendants are James E. Calahan and his wife. We shall, however, refer to Mr. Calahan as though he were the only defendant.

approximate locations shown on the accompanying diagram.

There was evidence that all four vehicles had their headlights and taillights on, and that the clearance lights of the truck were also on. The defendant, approaching from the west, testified that he could see the headlights of at least

(NOT TO SCALE)

1. Station wagon
2. Phillips car
3. Frevelle car
4. Truck

one of the parked cars and the taillights and clearance lights of the truck for a distance of 500 to 700 feet.

The space left available for passage between the cars on the north side of the road and the truck on the south side of the road, whether it was the 16 to 17 feet that the defendant attempts to compute, or whether it was (as one witness testified) "barely" enough for a car to go through, is not particularly material under the circumstances. Since the Phillips' car was not directly behind the station wagon, the headlights of at least two of the three westbound cars must have been visible to the defendant for some distance.

■ Into this unusual and attention-demanding situation, with knowledge that a number of people must be in the immediate vicinity (because cars and trucks do not park themselves), the defendant, without slackening speed,

attempted to barge through at 50 to 60 miles an hour, or so the jury was entitled to find. His car struck and seriously injured the plaintiff, who was on the highway between the truck and the Phillips' car, and the extent of the damages, if the defendant is liable, is not even questioned.

As heretofore indicated, the decisive question in this case is whether the jury could find that the actions of the defendant constituted wanton misconduct on the basis of this evidence. Not only do these facts warrant a jury in finding that the defendant's misconduct was wanton, they practically demand it.

The defendant urges that the plaintiff was contributorily negligent and should not be permitted to recover.

■ We may, for the purposes of this opinion, concede that the plaintiff was contributorily negligent in being on the highway at that time and place. The trial court correctly charged the jury:

> Since wanton misconduct does not arise out of negligence, the contributory negligence of the plaintiff, if any, would be no defense if plaintiff's injuries were a result of wanton misconduct on the part of the defendant driver, if any. (Instruction No. 8)

In *Adkisson v. Seattle, supra,* we said:

> If the defendant's conduct is actually wanton, rather than negligent, the plaintiff's contributory negligence should not preclude recovery. (p. 683)

This is the generally accepted rule throughout the United States. In the Annotation in 151 A.L.R. 9, 12 (1944), it is stated:

> One of the consequences visited by the law upon a person who engages in wilful and wanton misconduct resulting in injury, death, or property damage to another person is liability therefore even though the victim was guilty of negligence contributing to the injury. In other words, it is quite well settled that contributory negligence is not a defense to wilful or wanton misconduct.

Having concluded that the evidence was sufficient to sustain a jury finding of wanton misconduct, the instructions complained of, relating to wanton misconduct, were

proper; and the contributory negligence of the plaintiff, if there was any, does not bar his recovery.

The judgment is affirmed.

FINLEY, C. J., WEAVER and HALE, JJ., and WARD, J. Pro Tem., concur.

January 17, 1968. Petition for rehearing denied.